IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL J.G. SAUNDERS, *et al.*

     **Plaintiffs,**

v.                                      **Civil Action No. 3:15cv402**

TERRY MCAULIFFE, *et al.*,

     **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Terry McAuliffe and Mark R. Herring's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 8.) Plaintiffs Michael J.G. Saunders and William Scott MacDonald, proceeding *pro se*, responded, and Defendants replied. (ECF Nos. 10, 11.) The matter is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process.[2] For the reasons that follow, the Court will grant the Motion to Dismiss (ECF No. 8) and dismiss the action as barred by the doctrine of *res judicata*.

---

[1] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] On March 14, 2016, Plaintiffs filed a Motion for *Ore Tenus* Hearing on Previously Filed Pleadings. (ECF No. 18.) The Court dispenses with oral argument in this matter. Fed. R. Civ. P. 78(b) ("(b) Providing for Submission on Briefs. By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); E.D. Va. Loc. Civ. R. 7(J) ("[T]he Court may rule upon motions without an oral hearing.").

## I. Standard of Review

**A.**   **Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

### B.    Obligation to Construe *Pro se* Pleadings Liberally

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan,* 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id. (citation omitted).* The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of the City of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II. Factual and Procedural Background[3]

### A.    Factual Background

#### 1.    MacDonald

In March 2005, the Circuit Court for the County of Prince George, Virginia, found that MacDonald had engaged in private sexual intercourse and oral sodomy with a two females, aged 16 and 17, when he was 45 to 47 years old and convicted MacDonald of four counts of sodomy

---

[3] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Plaintiffs. *Matkari*, 7 F.3d at 1134. "[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Because the Defendants' *res judicata* defense raises no disputed issue of fact, the Court will take judicial notice of the relevant prior proceedings.

3

under Section 18.2-361.[4]  *McDonald v. Commonwealth*, 645 S.E.2d 918, 919 (Va. 2007).[5]  On

appeal, MacDonald argued that the holding in *Lawrence v. Texas*, 539 U.S. 558 (2003)[6] rendered

Section 18.2-361(A) unconstitutional as applied to him.  *Id.* at 920.  The Supreme Court of

Virginia concluded that Supreme Court of the United States limited the scope of its holding in

*Lawrence* when it noted that "[t]he present case does not involve minors."  *Id.* at 924 (citing

*Lawrence*, 539 U.S. at 578).  In contrast to the facts in *Lawrence*, MacDonald had been

convicted for engaging in sodomy with minors.  *Id.*  Thus, the Supreme Court of Virginia held

that Virginia's anti-sodomy provision was constitutional as applied to MacDonald.  *Id.*

In August 2005, the Circuit Court of the City of Colonial Heights, Virginia convicted

MacDonald of criminal solicitation, in violation of Virginia Code § 18.2-29, and contribution to

the delinquency of a minor, in violation of Virginia Code § 18.2-371.  *See MacDonald/Moose*,

710 F.3d at 155.  The predicate felony for the solicitation offense was Section 18.2-361(A).  *Id.*

at 156.  In 2013, MacDonald filed a petition for a writ of habeas corpus through 28 U.S.C.

§ 2254[7] in the United States District Court for the Eastern District of Virginia, collaterally

---

[4] At all times relevant to this case, Section 18.2-361(A) stated in pertinent part:  "If any person . . . carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a [felony]."  Va. Code Ann. § 18.2-361(A) (West 2008).  For ease of reference, the Court refers to this as "the anti-sodomy provision."

[5] Despite the different spelling, the defendant in *McDonald*, the petitioner in *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013) ("*MacDonald/Moose*"), and Plaintiff MacDonald in this case are the same individual.  *See MacDonald/Moose*, 710 F.3d at 158 & n.5.

[6] The *Lawrence* court held unconstitutional a Texas statute criminalizing certain sexual conduct between consenting adults of the same sex.  539 U.S. at 578.

[7] 28 U.S.C. § 2254 allows courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

attacking his convictions under Sections 18.2-29 and 18.2-371. *Id.* The district court denied the petition. *Id.* On appeal, the United States Court of Appeals for the Fourth Circuit reversed, holding that Section 18.2-361(A) was facially unconstitutional in light of *Lawrence.*[8] *Id.* at 166–67. On remand, the district court granted the petition and ordered the expungement of MacDonald's solicitation conviction. (*MacDonald v. Moose*, No. 1:09cv1047, ECF No. 61 (E.D. Va. Aug. 7, 2014).) At no time did any court order expungement of MacDonald's underlying convictions under Section 18.2-371(A).

### 2. Saunders

On September 2, 2008, the Circuit Court of the County of Chesterfield, Virginia (the "Chesterfield Circuit Court") convicted Saunders following a guilty plea to two counts of "consensual sodomy with juveniles" under Section 18.2-361(A).[9] *Saunders v. Commonwealth*, 753 S.E.2d 602, 605 (Va. Ct. App. 2014). On each count, the Chesterfield Circuit Court sentenced Saunders to five years' incarceration with five years suspended. *Id.* Following judgment, Saunders filed various direct and collateral attacks on his convictions without success.[10]

---

[8] The Fourth Circuit found the anti-sodomy provision facially violated the Due Process Clause of the Fourteenth Amendment. *MacDonald/Moose*, 710 F.3d at 156. As discussed below, the Supreme Court of Virginia has expressly declined to adopt what it deems non-binding and unpersuasive authority from this Fourth Circuit case. (*See infra* Part II.A.2.) The state and federal determinations remain in tension with one another.

[9] As indicated above, the version of the anti-sodomy statute at issue did not change while any dispute pertinent to this case pertained. In 2014, the General Assembly amended Section 18.2-361(A) and removed the anti-sodomy provision. *Toghill v. Virginia*, 768 S.E.2d 674, 681 (Va. 2015). The General Assembly also "amended other statutes to ensure that sodomy with a minor would be a crime." *Id.* (citing 2014 Va. Acts ch. 794). "Currently, the Code of Virginia criminalizes sodomy involving adults and minors in numerous ways." *Id.*

[10] Saunders has filed ten other cases in this Court since 2009: (1) *Saunders v. Clarke*, No. 3:15cv117 (E.D. Va. filed Mar. 4, 2015); (2) *Saunders v. Flaherty (Saunders/MacDonald I)*,

Most notably, on August 22, 2012, the Chesterfield Circuit Court found Saunders guilty of violating the conditions of his probation and imposed an active three-year period of incarceration. *Id.* at 606. Saunders appealed the Chesterfield Circuit Court's probation violation. Among other challenges, Saunders attacked his underlying 2008 convictions based on *Lawrence*, 539 U.S. 558, and *MacDonald/Moose*, 710 F.3d 154. *Saunders*, 753 S.E.2d at 606. Saunders argued that the Chesterfield Circuit Court lacked jurisdiction to impose any sentence on his probation violation because his original 2008 convictions flowed from a statute declared unconstitutional by the Fourth Circuit in *MacDonald/Moose*. *Id.* at 607. The Virginia Court of Appeals affirmed the Chesterfield Circuit Court's decision, finding that the Supreme Court of Virginia's holding in *McDonald*, 645 S.E.2d 918, upholding the constitutionality of the anti-sodomy provision as to conduct with minors bound its decision regarding Saunders's appeal. *Id.* at 608, 611. Later, on the same date it issued *Toghill v. Commonwealth*, 768 S.E.2d 674 (Va. 2015),[11] the Supreme Court of Virginia also affirmed the constitutionality of Section 18.2-361(A). *Saunders v. Virginia*, No. 140507, at 1 (Va. Feb. 26, 2015).

---

No. 3:13cv854 (E.D. Va. filed Dec. 27, 2013); (3) *Saunders v. Jones*, No. 3:12cv192 (E.D. Va. filed Mar. 13, 2012); (4) *Saunders v. Dir., Va. Dep't of Corr.*, No. 3:11cv705 (E.D. Va. filed Oct. 20, 2011); (5) *Saunders v. Virginia*, No. 3:11cv352 (E.D. Va. filed May 25, 2011); (6) *Saunders v. Clarke*, No. 3:11cv170 (E.D. Va. filed Mar. 18, 2011); (7) *Saunders v. Minton*, No. 3:10cv615 (E.D. Va. filed Aug. 30, 2010); (8) *Saunders v. Minton*, No. 3:10cv570 (E.D. Va. filed Aug. 16, 2010); (9) *Saunders v. Riverside Reg'l Jail*, No. 3:10cv258 (E.D. Va. filed Apr. 21, 2010); and, (10) *Saunders v. Smith*, No. 3:09cv815 (E.D. Va. filed Dec. 23, 2009).

[11] In *Toghill*, the Supreme Court of Virginia reaffirmed its holding in *McDonald*, 645 S.E.2d 918, that Section 18.2-361(A) was not unconstitutional because Toghill, like MacDonald, had been convicted based on conduct involving a minor. *Toghill*, 768 S.E.2d at 679. The Supreme Court of Virginia expressly declined to follow the Fourth Circuit's holding in *MacDonald/Moose*, noting that it provided only persuasive authority. *Id.* at 677.

### B. Procedural History of *Saunders/MacDonald I*

Although Saunders has filed ten other cases in this court since 2009, Saunders and

MacDonald have filed just one previous case together. On December 27, 2013, Plaintiffs

Saunders and MacDonald, proceeding *pro se*, filed suit against Colonel W. Steven Flaherty,

Superintendent of the Virginia State Police, and Kenneth T. Cuccinelli, Attorney General of

Virginia, in their official capacities. (*Saunders v. Flaherty*, No. 3:13cv854, ECF No. 1 (E.D. Va.

Dec. 27, 2013) ("*Saunders/MacDonald I*").) On January 30, 2014, Plaintiffs, now by counsel,

filed an Amended Complaint, replacing Defendant Cuccinelli with Defendant Mark Herring.

(*Id.*, ECF No. 13 (E.D. Va. Jan. 30, 2014).) In the Amended Complaint, Plaintiffs alleged that,

pursuant to *Lawrence* and *MacDonald/Moose*, their convictions under Section 18.2-361(A) were

void *ab initio*. (*Id.* at 16.) They sought, *inter alia*: (1) a declaration that the defendants had and

continued to "violate your Plaintiffs['] rights under the Constitutions [sic] and laws of the United

States;" (2) a declaration that Section 18.2-361(A) was unconstitutional on its face and as applied

to Plaintiffs; (3) a declaration that Plaintiffs' registration on Virginia's Sex Offender and Crimes

Against Minors registry ("SORNA") was predicated on their void convictions under Section

18.2-361(A) and was unconstitutional; (4) a declaration that their indictments were

unconstitutional; (5) an injunction against Herring and all Commonwealth's Attorneys from

prosecuting violations of Section 18.2-361(A) or the failure to register with SORNA; and,

(6) expungement of their criminal convictions under Section 18.2-361(A). (*Id.* at 17–19.)

---

The *Toghill* court noted that the "'normal rule' is that 'partial, rather than facial invalidation [of a statute] is the required course . . . [because courts] try not to nullify more of a legislature's work than is necessary.'" *Toghill*, 768 S.E.2d at 680 (quoting *Ayotte v. Planned Parenthood*, 546 U.S. 320, 329 (2004)). Partial invalidation does less to frustrate the "intent of the elected representatives of the people." *Id.* The Virginia Supreme Court noted with approval some aspects of the dissenting opinion in *MacDonald/Moose*. *See Toghill*, 768 S.E.2d at 679 n.4 (citing *MacDonald/Moose*, 710 F.3d at 169 (Diaz, J., dissenting)); *see also id.* at 683–84 (Mims, J. concurring) (citing *MacDonald/Moose*, 710 F.3d at 167 (Diaz, J., dissenting)).

On June 27, 2014, the parties met with the Honorable David J. Novak, United States

Magistrate Judge, for a court-ordered settlement conference. (*Saunders/MacDonald I*, No.

3:13cv854, ECF No. 25 (E.D. Va. June 12, 2014).) On September 24, 2014, the parties jointly

submitted a stipulation of dismissal, representing, by counsel, that all matters had been resolved

in the case. (*Id.*, ECF No. 27 (E.D. Va. Sept. 24, 2014).) The parties attached to the stipulation a

proposed order dismissing the matter with prejudice. (*Id.* Ex. 1.) The next day, the Court issued

a final order dismissing the action with prejudice (the "Dismissal Order") pursuant to Federal

Rule of Civil Procedure 41(a).[12] (*Id.*, ECF No. 28 (E.D. Va. Sept. 25, 2014).)

### C.   Procedural History of the Present Case

On July 6, 2015, Plaintiffs filed their Complaint. (ECF No. 1.) Defendants moved to

dismiss the Complaint, but Plaintiffs timely filed their Amended Complaint, (ECF No. 6),

rendering moot the Defendants' motion, (*see* ECF No. 7). The Amended Complaint brings suit

against the Defendants in their official capacities and alleges, pursuant to 42 U.S.C. § 1983,[13]

that their rights under the United States Constitution have been infringed, including their Second

---

[12] The Dismissal Order cited only Federal Rule of Civil Procedure 41(a), without identifying which subpart it relied upon. Nonetheless, the parties filed both a stipulation of dismissal and a draft dismissal order dismissing the action with prejudice, indicating their intent to dismiss the action by court order under Rule 41(a)(2). "When a district court dismisses a plaintiff's action at the plaintiff's request, the district court acts under [Rule] 41(a)(2)." *Choice Hotels Intern., Inc. v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993).

[13] 42 U.S.C. § 1983 states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Amendment right to bear arms and their Fourteenth Amendment right to vote. Without the benefit of enumerated counts in the Amended Complaint, and reading the requests for relief in the liberal manner given *pro se* litigants, the Court construes the Amended Complaint to seek (1) a declaration that Section 18.2-361(A) is unconstitutional on its face and as applied to Plaintiffs; (2) a declaration that their indictments and convictions under that statute are void *ab initio*; and, (3) an injunction preventing the enforcement of the statute against Plaintiffs.

Defendants filed their Motion to Dismiss the Amended Complaint raising several bases to do so, including that Plaintiffs' claims are barred by the doctrine of *res judicata*. (ECF No. 8.) Plaintiffs responded to the Motion to Dismiss, and Defendants replied. (ECF Nos. 10, 11.) This matter is ripe for disposition.

### III. Analysis

This Court must dismiss this action because the doctrine of *res judicata* bars Plaintiffs' prosecution of these causes of action against Defendants. The doctrine of *res judicata*, or claim preclusion, requires that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Nash Cty. Bd. of Edu. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). The doctrine provides courts with a rule of "fundamental and substantial justice, of public policy and private peace, which should be cordially regarded and enforced." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917)); *Nash Cty.*, 640 F.2d at 486. *Res judicata* "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

A party seeking to demonstrate that *res judicata* bars an opposing party's claim must establish three elements:  (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and, (3) an identity of parties or their privies in the two suits.  *Pueschel*, 369 F.3d at 354–55 (citing *Nash Cty.*, 640 F.2d at 486).  Because (1) Plaintiffs bring claims previously dismissed, via stipulated agreement, on the merits and with prejudice; (2) the cases involve legally identical causes of action; and, (3) Governor McAuliffe is privy to otherwise identical official defendants, *res judicata* bars the Plaintiffs from pursing their Amended Complaint in this Court.  The Court explains these findings seriatim.

### A.    The Voluntary Dismissal with Prejudice in *Saunders/MacDonald I* Constitutes a Final Judgment on the Merits

The voluntary dismissal with prejudice in *Saunders/MacDonald I* created a final judgment on the merits.  After settling the case, the parties in *Saunders/MacDonald I* filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a), seeking a dismissal with prejudice.  (*Saunders/MacDonald I*, No. 3:13cv854, ECF No. 27 (E.D. Va. Sept. 24, 2014).)  The Court granted the motion and dismissed the action with prejudice in a final Dismissal Order.  *Id.*, ECF No. 28 (E.D. Va. Sept. 25, 2014).

This final order constitutes a judgment on the merits in *Saunders/MacDonald I* for two related reasons.  First, the Dismissal Order dismissed the action *with prejudice*.  "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."  *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)); *see* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").  Second, a consent motion by the parties does not negate the preclusive effect of the Dismissal Order.  "[A] consent judgment 'is as conclusive and final as to

10

any matter determined as one rendered'" against a nonconsenting party "after trial and contest."

*Nash Cty.*, 640 F.2d at 487 (quoting *Rector v. Suncrest Lumber Co.*, 52 F.2d 946, 948 (4th Cir.

1931)); *accord Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986) ("The agreed dismissal

[in the prior action] binds the parties to that litigation."); *Sullivan v. Easco Corp.*, 662 F. Supp.

1396, 1408 (D. Md. 1987) ("[T]he stipulation of dismissal with prejudice constitutes a final

judgment on the merits for the purpose of *res judicata* . . . ."). Accordingly, because the parties

submitted a consent stipulation of dismissal stating that all matters had been resolved, and

because the Court dismissed the action with prejudice, the Dismissal Order in

*Saunders/MacDonald I* constitutes a final judgment on the merits for purposes of *res judicata*.

## B.     All Three Causes of Action in this Case Mirror Those in *Saunders/MacDonald I*, Rendering the Two Cases Identical for *Res Judicata* Purposes

Second, all three causes of action alleged in this case mirror those in

*Saunders/MacDonald I,* rendering the two cases identical under the second *res judicata* factor.

This is true despite the fact that Plaintiffs assert different harms flowing from these claims than

previously brought forward. *Res judicata* bars claims and defenses that were or could have been

raised in a prior proceeding. *Pueschel*, 369 F.3d at 355. The Fourth Circuit does not require that

the claims asserted be identical. *Id.* Rather, the Court must examine whether "the suits and the

claims asserted therein 'arise out of the same transaction or series of transactions or the core of

operative facts.'" *Id.* (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)).

Advancing "different harms or different theories or measures of relief" cannot defeat identity

among the causes of action. *Harnett*, 800 F.2d at 1314; *see also Nash Cty.*, 640 F.2d at 489

("[I]n regard to the identity of the two lawsuits, it is the substance of the actions that must be

compared and not their form." (citation omitted)). This transactional approach appropriately

avoids "artful pleading and claim splitting" that "would allow parties to frustrate the goals of *res judicata*." *Pueschel*, 369 F.3d at 355 (citation omitted).

However, the Court may not merely compare the claims actually asserted in each suit to determine sufficient identity. The analysis must proceed a step further: "the doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Pueschel*, 369 F.3d at 355–56 (citing *Federated Dep't Stores*, 452 U.S. at 398). "[A]ctual knowledge of a potential claim is not a requirement for the application" of *res judicata*. *Harnett*, 800 F.2d at 1313. The existence of the possible cause of action, not party awareness of it, controls. *Id.* Finally, when parties merely advance "different harms or different theories or measures of relief" arising out of the same factual origin, *res judicata* bars their claims from proceeding. *Harnett*, 800 F.2d at 1314.

Unfortunately for Plaintiffs, the causes of action asserted in the present case impermissibly replicate those actually raised or those that could have been raised in *Saunders/MacDonald I*. In both cases, Plaintiffs seek (1) a declaration that Section 18.2-361(A) is unconstitutional on its face and as applied to Plaintiffs; (2) a declaration that their indictments and convictions are void *ab initio*; and (3) an injunction preventing enforcement of Section 18.2-261(A) against Plaintiffs. (*Compare* Compl. 11–13, *with Saunders/MacDonald I*, No. 3:13cv854, ECF No. 12, at 17–19 (E.D. Va. Jan. 30, 2014).)

As to harms alleged, in *Saunders/MacDonald I*, Plaintiffs advanced an argument that their SORNA registration, mandated as a result of their convictions, was unconstitutional. Here, Plaintiffs argue that, as convicted felons, their rights to vote and own a firearm are infringed by

their unconstitutional convictions.[14]  No doubt exists that these harms consistently arise out of

the "common origin" of Plaintiffs' claims: that their convictions under Section 18.2-361(A) are

unconstitutional and void. *Harnett*, 800 F.2d at 1314.  The singular reason for Plaintiffs'

SORNA registration requirement and their prohibition from voting or owning a firearm rests in

their felony convictions under Section 18.2-361(A).

In sum, the claims raised in the present case and those raised, or those which could have

been raised, in *Saunders/MacDonald I* arise out of the same "core of operative facts" and share a

"common origin," rendering the two cases identical under the second factor evaluating *res

judicata*.

### C.   Because Governor McAuliffe Is Privy to Otherwise Identical Official Defendants, Plaintiffs' Claims Falter on the Third Aspect of *Res Judicata* Review

Finally, the Court concludes that because Governor McAuliffe is privy to otherwise

identical official defendants[15] in *Saunders/MacDonald I*, Plaintiffs fail to rise above the third

aspect of the *res judicata* bar.  *Res judicata* binds only parties or their privies by a prior

judgment. *Nash Cty.*, 640 F.2d at 493.  No dispute exists that both Plaintiffs in this action were

also the plaintiffs in *Saunders/MacDonald I* or that Defendant Herring was also a defendant in

---

[14] Plaintiffs can raise no cogent argument that they lacked knowledge of the statutes prohibiting convicted felons from voting or owning a gun.  The Virginia General Assembly banned felons from voting as early as 1870, 1870 Va. Acts. 55–56, and banned felons from owning a gun since at least 1979, 1979 Va. Acts 712–13, both well before Plaintiffs filed *Saunders/MacDonald I*.  Plaintiffs could have raised these claims in that case.  Regardless, the existence, not the knowledge of a claim, guides the Court's analysis. *Harnett*, 800 F.2d at 1313.  It is patently clear that Plaintiffs' claims regarding their right to vote and bear arms existed at the time of their prior suit.

[15] That Plaintiffs also brought suit against Colonel Flaherty in *Saunders/MacDonald I* has no impact on the Court's analysis for this case.  In this action, the Court need only determine whether the *current* parties would be bound by the *earlier* judgment.  *See Harnett*, 800 F.3d at 1312.

*Saunders/MacDonald I*.[16] Because the Court answers in the affirmative the sole remaining issue—whether Defendant McAuliffe is in privity with any of the defendants in the prior suit—Plaintiffs' effort here falters.

Privity "designates (for *res judicata* purposes) a person so identified in interest with a party to former litigation that he [or she] represents precisely the same legal right in respect to the subject matter involved." *Nash Cty.*, 640 F.2d at 493. Privity occurs when one party's "interests were adequately represented by another vested with the authority of representation." *Id.* 640 F.2d at 493 n.17. Generally, privity exists "between officers of the same government," if in the prior litigation the first government official "had authority to represent [the government's] interests." *Harms v. United States*, 972 F.2d 339, 1992 WL 203942, at *7 (4th Cir. 1992) (unpublished table opinion) (quoting *Sunshine Anthacite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)).

Herring, the Attorney General of Virginia, and McAuliffe, the Governor of Virginia, undoubtedly are in privity with one another. In *Saunders/MacDonald I*, Herring had statutory authority to represent the Commonwealth of Virginia as well as the Governor. *See* Va. Code § 2.2-507(A) ("All legal service in civil matters for the Commonwealth [and] the Governor, . . . including the conduct of all civil litigation in which any of them are interested, shall be rendered and performed by the Attorney General."). As such, because both cases involve identical parties with whom the party added here—Governor McAuliffe—remains in privity, Defendants demonstrate that Plaintiffs fail to pass muster on the third test of the *res judicata* bar.

---

[16] The Complaint in *Saunders/MacDonald I* initially named Herring's predecessor, Kenneth Cuccinelli, as a defendant, but the Amended Complaint brought suit against Herring. (*Saunders/MacDonald I*, No. 3:13cv854, ECF No. 1 (E.D. Va. filed Dec. 27, 2013); *id.*, ECF No. 12 (E.D. Va. filed Jan. 30, 2014).)

14

## IV.  Conclusion

Defendants have demonstrated that Plaintiffs do not meet any of the three requirements to overcome the *res judicata* bar.  First, the voluntary dismissal with prejudice in *Saunders/MacDonald I* constituted a final judgment on the merits.  Second, all causes of action alleged here mirror those in *Saunders/MacDonald I*, rendering the two cases identical under the next factor evaluating *res judicata*.  This is true despite the fact that Plaintiffs assert different harms flowing from their claims than previously brought forward.  Third, because Governor McAuliffe is privy to otherwise identical official defendants in *Saunders/MacDonald I*, Plaintiffs do not rise above the third aspect of the *res judicata* bar.  For the foregoing reasons, the Court will grant the Motion to Dismiss and dismiss the Amended Complaint.

An appropriate Order shall issue.

_____/s/_____
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: __3/17/16__

15